(116 App. Div. 899)

CIARCIA v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. January 31, 1907.)

STREET RAILROADS—INJURIES TO PERSONS ON TRACK—ACTIONS—QUESTION FOR JURY.

    Whether or not decedent was guilty of contributory negligence in driving along an electric railway track *held*, under the evidence, a question for the jury.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 255–257.]

Appeal from Trial Term, Westchester County.

Action by Maria A. Ciarcia, administratrix, against the Westchester Electric Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

George W. Alger, for appellant.
Bayard H. Ames, for respondent.

MILLER, J. The action is one to recover damages for injuries resulting in the death of the plaintiff's intestate, one Domenico Ciarcia, due to a collision between one of the defendant's electric surface cars and a wagon driven by him. There was evidence in the case that the deceased was riding upon the forward part of a wagon coupled together with a reach or pole and used to draw lumber; that the highway being traversed was very slippery at the time of the accident, and that one Antonio Longo, the employer of plaintiff's intestate, was riding upon the rear portion of the wagon; that just before driving upon the defendant's track there had been some discussion between these two as to the advisability of driving upon the track, owing to the condition of the street, and that Ciarcia had suggested to Longo that the latter watch for cars and that he would drive upon the track; that Longo had looked twice and was about to look the third time, when the car came up behind and crashed into the wagon, doing the injuries complained of. There was also evidence tending to prove that the gong on the car was not sounded until just before the collision and that when the collision occurred the deceased was attempting to rein the horses off the track. In submitting the case to the jury, the learned trial court charged, inter alia, as follows:

"The railroad company has a right of way over that track. That is what the track is given to the railroad company for. It is true that this deceased and his companion had a right to go upon the track, and go along the track; but they had no right to remain on the track, as against the car, when the car came up. On the contrary, while they had a right to go on the track, and drive along the track, the law coupled with that the duty that they should be watchful and careful to get off that track by the time a car came up. They had no right to make the car slow up, even. Sometimes you get on a track, and you cannot get off, maybe, because vehicles are on either side. There may be difficulties; but, if there be no such difficulties, it is your duty to be off the track before the car comes up. * * * It was his business to go over to the side of the track. There was ample room in that road for the wagon, and let this car go by. It was his business to use reasonable care to do that, and, if he failed in that, your verdict should be for the defendant."

No exception was taken to the main charge, but at its close the plaintiff's counsel made the following request:

"I ask your honor to charge that in considering the question of the defendant's liability, if the jury find that the accident occurred through the negligence of this motorman and the negligence—if they should find any such negligence—of Mr. Longo in failing to look up, and they do not find that it was occasioned by the negligence of the driver, the plaintiff is entitled to recover.

"The Court: I said nothing about Mr. Longo. I only spoke about the negligence of the deceased, and I shall not vary from that."

The plaintiff's attorney took no exception to this, but continued:
"Any negligence of Mr. Longo is not to be attributable to this plaintiff.
"The Court: I am not talking about Mr. Longo at all. I am talking about the deceased. The deceased was obliged to look out, as well as Mr. Longo, and just as much as Mr. Longo, and was responsible for his own negligence only."

Exception was taken by plaintiff's counsel. We think this exception presents reversible error, as it withdrew from the consideration of the jury the question whether the deceased relied upon Longo to give him warning, and, if so, the extent to which such reliance relieved him from the imputation of negligence in not personally discovering the approach of the car in time to be out of its way. The charge excepted to, considered in connection with the main charge, required a verdict for the defendant, because, if the deceased had no right to rely upon Longo to warn him, he was clearly guilty of contributory negligence; whereas, a jury may have thought, if permitted to, that, in view of the situation, instead of being careless, he was prudent in confining his attention closely to his team and relying on his companion to watch out for the car and give him timely warning of its approach. The learned trial justice was undoubtedly correct in charging that the defendant's car had the right of way, and that the deceased had to use reasonable care to be out of its way. But this duty was not absolute, in the sense that no situation could excuse his being in the way, as was pointed out.

It was for the jury to say, in the light of all the circumstances disclosed by the evidence, whether the deceased exercised reasonable care, and, as one important fact involved in the determination of that question was withdrawn from their consideration, the plaintiff should have a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.